GEORGE A. BELCHER and WILLIAM H. BELCHER

*v.*

PETER VAN DUZEN.

1. REPLEVIN — *dismissing for want of jurisdiction — when not proper.* In an action of replevin where the issues are non-detinet, not the property of the plaintiff, and property in the defendant, and the fact of a partnership between the plaintiff and defendant is evolved on the trial, it is erroneous to dismiss the cause, on motion of the defendant, for want of jurisdiction.

2. EVIDENCE — *of partnership for the jury.* Such evidence should go to the jury, and would perhaps, have determined the first issue for the defendant.

3. ISSUES — *not to be taken from jury.* It was the right of the jury to decide the case on the evidence under the issues as they were made up, and although there might be a partnership between the parties to the suit, still, the plaintiff may have had the exclusive right to the immediate possession of the property in dispute.

WRIT OF ERROR to the County Court of La Salle county; the Hon. P. K. LELAND, Judge, presiding.

This was action of replevin brought in the County Court of La Salle county, by George A. Belcher and William H. Belcher, against Peter Van Duzen, for certain farming implements, some household and kitchen furniture, and a lot of cane seed.

The defendant pleaded, *non detinet.* 2. That the property was not the property of the plaintiff; and 3. That is was the defendant's property. Issues were made up on these pleas, and the cause went to the jury, when, in the progress of the trial, the fact was disclosed, that the plaintiffs and defendant, were engaged, as partners in the cultivation of sorghum, whereupon, on motion of the defendant, the court dismissed the cause.

The plaintiffs excepted to this action of the court and bring the case here by writ of error, assigning that dismissal as the principal error.

Messrs. LELAND & BLANCHARD for the plaintiff in error.

Messrs. GLOVER, COOK & CAMPBELL for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the court:

This was an action of replevin, brought in the La Salle County Court, by the plaintiffs in error, against the defendant in error, for certain agricultural implements, stoves and pipe, and household furniture, and a lot of sugar cane seed.

The pleas were: 1. *Non detinet.* 2. Not the property of the plaintiffs, and 3. Property in defendant, on which issues were joined. During the trial, a written contract between the parties was introduced in evidence, whereupon, the defendant's counsel entered a motion to dismiss the suit, for the reason, that it appeared from the contract, that the plaintiffs and defendant were partners. The court sustained the motion, and this ruling is the only point in the case.

It appears, issues were made up on the questions of detainer, property in the plaintiffs, and property in the defendant. These issues, the jury were sworn to try, and if, in trying them, the fact of a partnership was evolved, that would, perhaps, have determined the first issue for the defendant. The evidence of partnership, was not evidence for the court alone, but for the jury, under the issues, and the court had no right

to take the consideration of that fact, from the jury. They were quite competent to determine it for themselves, and if found by them to be true, their verdict would probably be for the defendant.

There was manifest error in thus taking the cause from the jury, and deciding on evidence which it was the province of the jury to weigh and decide upon, and which, on being decided by them, in a particular way, would have decided the case. Who owned the property was another issue. If it was partnership property, and so found by the jury, their verdict would have been for the defendant. The jury had the right to decide the case on the evidence under the issues made up.

It might be, however, that the plaintiffs had the exclusive right to the immediate possession of the property, and so had a verdict.

For the error assigned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*