# LEVERETTE S. CHITTENDEN

## *v.*

# JOHN EVANS.

1. EVIDENCE—*jury judges of weight of.* Where the evidence is conflicting it is the province of the jury to weigh and judge of its weight, and it is error for the court to instruct as to its weight or that one witness is entitled to more credit than another although corroborated.

2. WITNESS—*his credibility.* The mere fact that a witness has sworn falsely on a material point, will not authorize a jury to reject his entire testimony. It is not only necessary that a witness should swear falsely, but his testimony must be knowingly or corruptly false, before a jury are at liberty to disregard it as a matter of law.

3. Or, a witness may even corruptly swear falsely as to a material fact, yet, if other portions of his evidence are properly corroborated by circumstances indicating the truth of such portions, it would not necessarily follow that all of his testimony should be disregarded.

4. INSTRUCTIONS — *a particular kind disapproved.* The practice of selecting a particular fact in evidence, and basing an instruction upon it, unless it is a fact, without the proof of which the party must fail, is calculated to give such evidence undue prominence, and is disapproved.

APPEAL from the Circuit Court of Du Page county; the Hon. ISAAC G. WILSON, Judge, presiding.

This was an action of replevin brought by Leverette S. Chittenden, before a justice of the peace of Kendall county, against John Evans, for the recovery of a colt. A trial was had, resulting in a judgment in favor of defendant, from which plaintiff prosecuted an appeal to the Circuit Court of that county. Afterward the cause was removed by change of venue to Du Page county. At the March Term, 1865, of the Circuit Court of that county, a trial was had before the judge and a jury.

The question was one of identity, upon which there was much and conflicting testimony. The jury found a verdict of property in the defendant. Plaintiff entered a motion for a new trial which was overruled by the court, exceptions taken, and a judgment was rendered on the verdict, and the plaintiff brings the case to this court for a reversal, and assigns various errors on the record.

Messrs. WHEATON & FITCH, for the appellant.

Messrs. VALLETTE & CODY, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin brought by appellant before a justice of the peace in Kendall county, against appellee, for the recovery of a colt. A trial was had before the justice, resulting in favor of defendant. The case was removed to the Circuit Court, and after a mistrial in that court the venue was changed to Du Page county. A trial was had in that court by a jury, who rendered a verdict for defendant. A motion for a new trial was overruled, and a judgment rendered on the verdict, and a return of the property was awarded. The case is brought to this court by appeal to reverse the judgment.

The question for determination before the jury was as to the identity of the animal, both parties having had such colts, and both claiming the one in controversy. As is generally the case on such questions, the evidence was inharmonious, and to some extent positively conflicting. It was therefore the duty of the jury, as far as possible, to reconcile it, and, when that could not be done, to reject such as was unworthy of belief, and from the whole of it to find the truth of the issue. This is a rule that lies at the very foundation of our system of jurisprudence, and any invasion of the right to weigh the evidence and find the issues presented to them for trial has always been regarded as error. It is the duty of the court to decide the law, and of the jury the facts, in a case. An invasion of the rights of either by the other, has uniformly been regarded as error.

In this case the court, at the request of appellee, gave to the jury this instruction:

"If the jury believe, from the evidence, that the witness Petitt swore that the colt of 1860 of the mare Polly died in 1861, and was a horse colt, and that the witness Chittenden swore that the said colt of 1860 was a mare colt, and the colt of said

mare of 1861 was the one that died, then in that case it becomes a question of credibility between said witnesses on such questions of fact, provided both of said witnesses had equal means of knowing; and, if the testimony of said Pettit on such question is corroborated by facts and circumstances detailed by other witnesses, while that of said Chittenden is not, then in that case the evidence of said witness Pettit, with said corroborating evidence, is entitled to greater weight than the evidence of said Chittenden."

It will be observed that this instruction informs the jury that the evidence of Pettit, with corroborating evidence, is entitled to greater weight than the evidence of Chittenden. By it the court, as a matter of law, informs the jury that the evidence of one witness and corroborating circumstances, is entitled to more consideration than the evidence of another witness. While this may be true as a matter of fact, it is certainly not so as a rule of law. Suppose a witness were called, from whose manner on the stand no person could believe, and his evidence was corroborated by slight circumstances, would any man of intelligence be inclined to give it greater weight than that of a witness of intelligence, high moral worth and undoubted character for truth? It only needs to state the proposition to see that it is not a rule of law, and, if it is a question of fact, then it is one for the sole determination of the jury. This instruction was therefore erroneous, and should not have been given.

The court also gave for each party an instruction, which was incorrect. By them the jury were informed, that, if any witness had sworn falsely, on any one material point, in their testimony, the jury were at liberty to reject the entire testimony of such witness. It is not only necessary that a witness should swear falsely, but it must be knowingly or corruptly false in some material matter, before the jury are at liberty to disregard the testimony of the witness, as a matter of law. If a witness, from mistake, accident, or want of memory, should make a false statement, without any corrupt intention, it would

not follow that his entire evidence should therefore be rejected as unworthy of belief. These instructions should have been modified. Again, a witness might even corruptly swear falsely to a material fact, and, if other portions of his evidence were properly corroborated by circumstances indicating the truth of such testimony, it would not necessarily follow that all of his testimony should be disregarded.

Other instructions in the case select a few of the many circumstances in the case, and call the especial attention of the jury to their consideration. This, as a general rule, is very objectionable practice. It has a tendency to induce the belief on the part of the jury, that the facts thus selected have an undue importance in the case, and inclines them to depreciate others. All of the evidence admitted is upon the supposition that it is material to the issues on trial. And the jury should be left free to weigh and consider every circumstance in evidence, uninfluenced by the action of the court. While we would not, as a general rule, reverse for giving such an instruction, we should not if it were refused. When the whole case is admitted to turn on a single fact, it is proper to inform the jury that the fact must be proved, and, if not, the party upon whom the burden rests must fail.

For the errors above indicated, the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*