## Alonson D. Perkins v. John A. Knisely.

1. Evidence—*Questions Calling for the Conclusions of a Witness Rather than Facts, Are Improper.*—In an action of replevin, questions as to who was the owner of the property in question call for the conclusion of the witness and not facts, and are improper.

2. Instructions—*As to Disregarding Testimony of a Witness Who Has Testified Falsely.*—It is not proper to instruct a jury to disregard the whole of the testimony of a witness because they believe he has testified falsely as to a material matter in issue.

**Replevin and Trover.**—Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed July 2, 1902.

**Statement.**—This was an action of replevin and trover brought in the Superior Court the 21st of September, 1899, to recover possession of and damages for the loss of horses, wagons, harness, livery suits, sign-boards, clocks, reminders, etc., being property that had been used in livery business. Only a small portion of the property covered by the writ was found by the sheriff.

An order was entered, that the goods described in the writ in this case might be left in the possession of the defendant, Knisely, on condition that he enter into bond with good and sufficient security, conditioned for the paying of any judgment which might be rendered in the case in favor of the plaintiff. This bond was given; and the plaintiff then pleaded in trover. There was verdict and judgment in favor of the defendant and against the plaintiff for costs. The plaintiff brings the case here for review.

WILLIAM EUGENE BROWN, attorney for plaintiff in error.

BULKLEY, GRAY & MORE, attorneys for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The court properly refused to permit the plaintiff to answer the question of his counsel as to who was the owner of the property in question and in whose possession it was. These questions called for conclusions of the witness; not for the facts under which he claimed to be the owner and in possession of the property.

It is true that possession is evidence of ownership of personal property; but what constitutes possession depends upon facts; one may be in possession as trustee, or by the custody and keeping of his servant, agent, child, lessee, and one may think himself to be the owner or in possession when he is not.

So, too, the statement of the plaintiff that the property

had been turned back to him by a corporation was properly
stricken out; what the corporation did, which the plaintiff
considered turning the property back to him, might have
been a proper subject of inquiry. Nor ought the plaintiff
to have been permitted to testify whether the defendant
even had any ownership, interest in, or title to the goods
in controversy. Plaintiff may have thought that the
defendant had at no time any interest or title in or to the
goods; yet such thinking did not make his opinion evi-
dence.

The court also committed no error in not permitting the
plaintiff to testify whether, during a certain period, he had
been the owner of certain goods, nor was there error in
sustaining an objection to the inquiry made to plaintiff,
whether the directors of a corporation had ratified a cer-
tain bill of sale. The questions severally called for a con-
clusion. The court properly required the plaintiff to state
whether he had made a schedule, and then properly refused
to require him to testify as to that which was or was not
in the document.

Plaintiff in error complains of the admission of a large
number of checks and the admission of testimony as to the
purpose for which they were given. Had plaintiff insisted
that they be singly introduced, that would have been the
proper manner; but no such insistence was made. We
think it was proper to show the use made of the checks;
that is how the money was applied.

Plaintiff says that these checks were admitted and yet are
not to be found in the record. If this be so—and an exam-
ination of the record seems to sustain plaintiff's conten-
tion—most assuredly this is not a reason for reversing the
judgment in this case. The plaintiff prepared the bill of
exceptions and should have placed therein all evidence given
at the trial. We do not find that counsel for plaintiff were
not allowed an opportunity to examine these checks or
denied the right to cross-examine as to them.

Plaintiff objects that the defendant was permitted to tes-
tify that he bought certain horses. The defendant testified

that he bought certain horses; he produced checks which he said he gave for these; the testimony as a whole tended to show that he had bought and paid for these animals.

Upon page 221 of the record, to which counsel refer as showing that the court permitted the defendant to testify that he was the owner of a horse, we find in this regard only this:

"A.   Well, I had a black horse there I called the Ritchie horse, I bought for my brother.   Q.  Was that your horse? A.   My horse belonged to me.   Mr. Brown:   I object to that question and answer and move to strike it out.   The Court:   That is all right."

Farther along the witness said:

"I gave $160.70 for him.   I gave Mr. Perkins' check for ————.   Q.   On what date?   Mr. Brown:   Wait a minute, I object.   Not responsive, incompetent, immaterial, irrelevant.   Not the best evidence."   "The Court:   Well if he has the check here—   Mr. Brown:   Have not seen the check here."

Farther on Mr. Brown says:   "The objection is to the witness looking at the check."

If there was any error in that which the court did during the examination of this witness, it was slight and inconsequential.

We find no important error in the admission of papers. The plaintiff complains of all the instructions given at the instance of the defendant.   Only as to one of these, the fourth, has he cited any authority for his position.   The fourth instruction does not state the law.   A jury may not disregard the whole of the testimony of a witness because they believe from the evidence that he has testified falsely as to a material matter in issue, but may when he has willfully so testified falsely.   Chittenden v. Evans, 41 Ill. 251.

The instruction applied to all the witnesses and did not segregate those of the plaintiff; we do not think that it was productive of harm to the plaintiff.   Counsel say:

"The defendant won the case by inconsistencies, prejudicial remarks of the court and counsel, a lot of bought-up and perjured testimony, and by the introduction of incompetent, irrelevant and prejudicial testimony."

We find in the record no justification of this charge. The preponderance of the evidence is clearly with the defendant. Substantial justice appears to have been done.

Finding no error requiring a reversal of the judgment it is affirmed.