## ALONSON D. PERKINS

### v.

### JOHN A. KNISELY.

*Opinion filed October 26, 1903.*

1. REPLEVIN—*plaintiff must recover upon the strength of his own title.* In replevin the plaintiff must recover upon the strength of his own title, and, if his title is denied, the burden of proof is upon him to show a general or special property in the goods.

2. TRIAL—*when remarks of court and counsel are improper.* A remark by defendant's attorney, on objecting to the introduction of a bill of sale, that "it is a manufactured piece of paper," and the answer by the court, "I presume this was manufactured; sustain objection to it," are improper, and should be stricken on motion.

3. SAME—*jury must be accurately instructed if evidence is close.* If the evidence in a jury trial is close, it is essential that the jury be accurately instructed as to the law.

4. INSTRUCTIONS—*when instruction as to disregarding testimony is erroneous.* An instruction authorizing the jury to disregard uncorroborated testimony of a witness who they believe has "testified falsely to any material matter in issue," is erroneous, in omitting the requirement that such false testimony be willfully given.

*Perkins* v. *Knisely*, 102 Ill. App. 562, reversed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

This was originally an action of replevin brought on September 21, A. D. 1899, in the superior court of Cook county by the plaintiff in error, Alonson D. Perkins, as plaintiff, against the defendant in error, John A. Knisely, as defendant. Only a small portion of the property covered by the writ was found by the sheriff; and, thereupon, plaintiff in error filed a declaration in trover. The declaration in the case was for the recovery of the value of horses, harness, blankets, livery suits, sign-boards, clocks, reminders, and other property usually used in a

livery business. An order was entered, that the goods described in the writ might be left in the possession of the defendant in error, Knisely, on condition that he enter into bond on good and sufficient security, conditioned on the paying of any judgment; which might be rendered in the case in favor of the plaintiff in error. This bond was given. The defendant below pleaded the general issue, and, upon the issue thus formed by the declaration in trover and the plea of the general issue, the case was tried. There was a verdict in favor of the defendant below, upon which judgment was entered in favor of the defendant against the plaintiff for costs. A writ of error was prosecuted to the Appellate Court, where the judgment of the court below was affirmed. Plaintiff in error now prosecutes the present writ of error for the purpose of reviewing the judgment of affirmance, so entered by the Appellate Court.

On May 20, 1898, the defendant in error conveyed by bill of sale to the plaintiff in error the property, with which the livery business was conducted on the south side in the city of Chicago; and, thereupon, on May 20, 1898, plaintiff in error executed to defendant in error a chattel mortgage upon the property to secure purchase money notes of plaintiff in error, aggregating $15,000.00. Subsequently, on January 12, 1899, plaintiff in error executed a bill of sale of the property to the Palace Stables and Acme Storage and Van Company, a corporation organized under the laws of the State of Illinois, subject to said mortgage and interest thereon. Some of the property, however, embraced in the last mentioned bill of sale is described therein as being free and clear of encumbrance of any kind. On September 4, 1899, a bill of sale appears to have been executed by said corporation to the plaintiff in error, bargaining and selling to him, in consideration of his services to said company, some of the property connected with the livery business.

In June, 1899, defendant in error took possession of the property described in the chattel mortgage, and continued the livery business until September 21, 1899, when the present suit was instituted.

WILLIAM EUGENE BROWN, for plaintiff in error.

BULKLEY, GRAY & MORE, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Upon the trial of this case no instructions were asked by, or given for, the plaintiff in error. The court gave five instructions at the request of the defendant in error. Among the instructions, so given for the defendant in error, was instruction numbered 4 as follows, to-wit:

"The court instructs the jury that, if they believe from the evidence in this case that any witness or witnesses has or have testified falsely as to any material matter in issue upon the trial of this case, then the court instructs you, as a matter of law, that you have the right to disregard the whole of the testimony of such witness or witnesses, excepting in so far as such witness or witnesses may or have been corroborated by other credible evidence or facts and circumstances proven in the case."

This instruction was clearly erroneous, and, in view of the many decisions by this court declaring such an instruction to be erroneous, it may be said here, as it was said in *Swan* v. *People,* 98 Ill. 610: "In the face of these decisions it would not be expected such an instruction would have been asked." The defect in the instruction is, that it allows the jury to disregard the testimony of a witness, if he "testified falsely," instead of requiring the jury to find that he shall have willfully and knowingly sworn falsely.

In *Chittenden* v. *Evans,* 41 Ill. 251, we said (p. 253): "It is not only necessary that a witness should swear falsely,

but it must be knowingly or corruptly false in some material matter, before the jury are at liberty to disregard the testimony of the witness as a matter of law. If a witness from mistake, accident, or want of memory, should make a false statement without any corrupt intention, it would not follow that his entire evidence should therefore ·be rejected as unworthy of belief. * * * Again, a witness might even corruptly swear falsely to a material fact, and, if other portions of his evidence were properly corroborated by circumstances indicating the truth of such testimony, it would not necessarily follow that all of his testimony should be disregarded." (See, also, *United States Express Co.* v. *Hutchins*, 58 Ill. 44).

In *Pope* v. *Dodson*, 58 Ill. 360, where an instruction told the jury that, if a witness "has sworn falsely in any material statement,"·the jury might disregard the entire statement of the witness, except so far as it was corroborated, it was held that such instruction was "palpably erroneous." And it was there said (p. 365): "A witness cannot be discredited simply on the ground of an erroneous statement; it is only where the statements of a witness are willfully and corruptly false in regard to material facts, that the jury are authorized to discredit the entire testimony. The most candid witness may innocently make an incorrect statement, and it would be monstrous to hold that his entire testimony, for that reason, should be disregarded." To the same effect are the following cases: *Pollard* v. *People*, 69 Ill. 148; *Gulliher* v. *People*, 82 id. 145; *Brennan* v. *People*, 15 id. 511; *City of Chicago* v. *Smith*, 48 id. 107; *Swan* v. *People*, 98 id. 610; *Pennsylvania Co.* v. *Conlan*, 101 id. 93; *Hoge* v. *People*, 117 id. 35; *Otmer* v. *People*, 76 id. 149.

In *Swan* v. *People*, *supra*, it was held that an instruction was erroneous which failed to "inform the jury that to authorize them to reject all of a witness' evidence, he must have knowingly and intentionally made misstatements as to some material point in the case." In *Hoge*

v. *People, supra,* an instruction was held to be erroneous, which "omits the very material qualification that the false testimony shall have been willful."

The fourth instruction, given for defendant in error upon the trial below, omits the very material qualification, that the false testimony as to material matter was knowingly and corruptly or willfully false. We are unable to see that the plaintiff in error was not injured by the giving of this erroneous instruction. It is well settled that, where the evidence is conflicting, the jury should be accurately instructed. This rule, that, where the evidence is conflicting, the jury should be accurately instructed, has been applied to cases, like the case at bar, where a given instruction is defective for the reason above stated, as will be seen by reference to the cases of *Chittenden* v. *Evans, supra,* and *Swan* v. *People, supra.*

In the case at bar, it was material for the plaintiff in error, as plaintiff below, to show that he was the owner of the property in question. It is well settled that, in an action of replevin, a plaintiff must recover upon the strength of his own title, and, where his title is denied, the burden of proof is upon him to show a general or special property in the goods themselves. (*Pease* v. *Ditto,* 189 Ill. 465, and cases there cited). Several witnesses were produced, who swore that the plaintiff in error had stated to them that he was not the owner of the property in question. Plaintiff in error swore, that he did not make the statements, which were attributed to him by these witnesses. Here, then, was a direct conflict between the testimony of plaintiff in error and the testimony of some of the witnesses of defendant in error upon the question of the ownership of the property. In this conflict of the testimony plaintiff in error was entitled to have the jury correctly instructed, and a correct instruction would have required them to find not only that his testimony in the respect thus indicated was false, but that it was willfully and corruptly and intentionally false.

In addition to this, the plaintiff in error introduced in evidence the bill of sale, mentioned in the statement preceding this opinion, executed by the Palace Stables and Acme Storage and Van Company to plaintiff in error, which bill of sale was marked "Exhibit 15." In reference to this exhibit the record shows as follows: Plaintiff's attorney: "We offer Exhibit 15 in evidence." Defendant's attorney: "There is an objection to this; it is a manufactured piece of paper." Plaintiff's attorney: "I move that statement be stricken out." The court: "I presume this was manufactured. Sustain objection to it. Plaintiff excepts to the ruling of the court." As we understand this excerpt from the record, the attorney for the defendant below expressly charged that this bill of sale, when it was introduced by plaintiff below, was manufactured evidence. It is said, that the remark of the court, to the effect that he presumed it was manufactured, was merely playful, and was intended to mean only that the paper, upon which the instrument was written, was a manufactured piece of paper. There is nothing upon the face of the record to show that such was the meaning of the remark of the court. On the contrary, the jury might well have inferred, when the court said, "I presume this was manufactured; sustain objection to it," that the court agreed with counsel for defendant below in making the statement, that the document introduced was manufactured as evidence. There is nothing in the record to sustain the charge, that the bill of sale was manufactured testimony, and hence the remark of counsel, apparently endorsed by the trial court, was highly improper, and the statement should have been stricken out in accordance with the motion of plaintiff's attorney. In view of the discredit thus thrown upon the testimony introduced by the plaintiff below, there was, besides the conflict in the testimony already noticed, an additional reason why the instructions given to the jury should have been correct and accurate as to the law of the case.

Because of the error in giving the fourth instruction given for the defendant below, the judgments of the Appellate Court and of the superior court of Cook county, are reversed, and the cause is remanded to the latter court for further proceedings in accordance with the views herein expressed.　　　*Reversed and remanded.*