**Mrs. Walter L. Jackson, Appellant, v. Mrs. Elmer Craw, Appellee.**

1. REPLEVIN—*what essential to recovery.* A plaintiff in replevin can only recover upon the strength of her own title and if such title has been denied the burden is upon her to show a general or special property in the goods replevied.

2. REPLEVIN—*who cannot maintain.* In the absence of proof that a partner claiming right to possession of the partnership property had an exclusive right thereto, replevin will not lie by one partner against another.

Replevin. Appeal from the County Court of Vermilion county; the Hon. ISAAC A. LOVE, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

RAY F. BARNETT and ACTON & ACTON, for appellant.

O. M. JONES and W. J. BOOKWALTER, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in replevin brought by appellant

against appellee, before a justice of the peace. Upon appeal to the Circuit Court the cause was tried by the court without a jury. At the close of the plaintiff's evidence the court, upon motion of the defendant, found the issues in her favor, entered judgment accordingly, and awarded a return of the property. The only question involved is whether the evidence adduced by the plaintiff was sufficient to entitle her to a judgment. There is no controversy as to the facts which are substantially the following: Appellant, appellee and eight other women for the purpose of co-operating in the purchase of what are known as Larkin products, and to obtain the premiums offered therewith, entered into the following agreement in writing, to-wit:

"We, the undersigned, associate for the purpose of procuring Larkin products and premiums by the Larkin Club-of-Ten plan.

"We agree that all Larkin products shall be paid for on or before delivery, and that the Larkin premiums, received in whatever name, and to whomsoever delivered, shall be and remain the exclusive property of the Association until each member shall have received a Larkin Premium, or until the member holding the premium shall have paid the current prices for the products and premiums received.

"We agree that Mrs. Walter L. Jackson shall act as secretary of the association, and, in case of any disagreement among members, shall be the general custodian of the property of the Association. All premiums of the Association shall be delivered to *him* on demand, or he may maintain an action to secure them or their value, in his own name, as trustee.

"The undersigned old customers, if any, agree to and do hereby assign to the said secretary of the Association all title to Certificate Premiums."

The products referred to consisted of soap, coffee, powder, perfumery and other household supplies. After the organization each member sent to appellant, the secretary, her individual order for such of the products as she desired, together with the amount of

the purchase price of the same, whereupon appellant
sent to the company in her own name a general order
for the products, together with the money so col-
lected.  Upon the receipt of such orders it was the
custom of the company to give a premium to be se-
lected from a catalogue by the member who was to
receive the same, who was chosen by the members.
It had been agreed that appellant was to receive the
premium in this instance, and the same, together with
the products ordered, was shipped her, she paying
the total freight charges.  A meeting of the club was
then held and the various supplies distributed ac-
cording to the orders of the respective members. When ·
the second order was made, appellee, who was to re-
ceive the premium, selected a refrigerator, and the pro-
ducts ordered, together with the premium, were ac-
cordingly shipped to and received by her.  She failed,
however, to call a meeting for the distribution of the
goods within what appellant and other members con-
sidered a reasonable time.  Thereupon appellant as
secretary of the association demanded possession of
all of the products except such as had been ordered by
appellee, and afterward brought the present suit to
recover possession of the same.

It is not controverted that appellant could only re-
cover upon the strength of her own title and such title
having been denied she had the burden of showing a
general or special property in the goods.  Perkins v.
Knisely, 204 Ill. 275.  It is contended, however, that
by virtue of the provisions of the agreement she had,
as secretary of the club, such a special property in
the products ordered as to entitle her to possession
of the same.  We do not so construe the agreement.
It expressly provides that the premiums shall be de-
livered to the secretary and remain the property of
the association, and authorizes the secretary to main-
tain an action to recover the same.  No such provi-
sion appears as to the products, which were the ar-
ticles replevied.  Such being the case, the latter were

manifestly, as against appellant, the property of the individuals who ordered and paid for them. In any event the association was but a partnership and even if the products in question be held the property of the partnership, in the absence of proof that the partner claiming right to possession of the property had the exclusive right thereto, replevin would not lie by one partner against another. Belcher v. Van Duzen, 37 Ill. 281.

Inasmuch as the evidence fails to show any right in appellant to the possession of the property replevined the action of the court was warranted and the judgment will be affirmed.

*Affirmed.*