Myrtle Adams, Appellee, v. Maude Thomas Combes, Appellant.

Gen. No. 8,465.

at the October term, 1930.
filed January 26, 1931.

Heard in this court
Opinion

JESSE PEEBLES and JAMES H. MURPHY, for appellant.

SNELL & SEYFRIT, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellee sued appellant in an action of replevin to recover the possession of an automobile given as a prize or reward in a subscription contest inaugurated by a newspaper published in Gillespie, Macoupin county. Five prizes were offered of which the first was the automobile in question. Votes were given to the contestants who procured subscriptions for the newspaper. The contest extended over seven weeks and was participated in by a great many individuals. Under the rules the votes were deposited in a sealed ballot box and at the end of the contest were canvassed by three business men who declared that appellant had received a total vote of 6,300,580 and that appellee had

received 3,874,370. The first prize was awarded to appellant and the automobile was delivered to her by the publishers of the paper. Two of the rules and regulations governing the contest are as follows:

"17. This newspaper guarantees fair and impartial treatment to all participants; but should any question arise the decision of the management will be absolutely final.

"18. In becoming a candidate, participants agree to abide by the above conditions."

The basis of the claim of appellee to the automobile is that appellant paid for a large number of subscriptions herself and that if such subscriptions were eliminated the total vote would show that appellee had received legitimately more votes than appellant. The case was tried before a jury similarly to an election contest and the jury found the issues in favor of appellee and that she rightfully was entitled to the possession of the automobile. The court below entered a judgment on the verdict.

No votes were counted except those for appellant and appellee although there were many other contestants for the prize. In replevin the plaintiff must recover upon the strength of his own title or must show a general or special property in the goods. *Perkins v. Knisely,* 204 Ill. 275; *Pease v. Ditto,* 189 Ill. 456. Under the terms of the contest the decision of the management of the newspaper on all questions arising was to be absolutely final. Appellee never had possession of the automobile and never had any actual title to it. She is in no position to maintain an action of replevin.

The judgment of the circuit court is therefore reversed with the following finding of fact: This court finds as a fact that appellee never had possession or title to the automobile in question.

*Reversed with finding of fact.*