## SHOEMAKER v. GILSTRAP.

No. 21505. Opinion Filed Feb. 7, 1933.

John L. Hodge and Thomas Norman, for plaintiff in error.

H. H. Brown, for defendant in error.

RILEY, C. J. This is an appeal from a judgment rendered in favor of defendant in error, herein referred to as plaintiff, against plaintiff in error, herein referred to as defendant, in an action for damages for personal injuries alleged to have been received by plaintiff while in the employ of defendant, in unloading a trailer from a truck upon which it had been loaded in transporting same from Ardmore, Okla., to Bridgeport, Tex., and wherein the injuries so received were not covered by the Workmen's Compensation Law. (Stat. 1931, sec. 13348 et seq.)

The negligence charged in the petition was, in substance, a failure of defendant to so secure the coupling pole by which the trailer is attached to the truck when in use, by negligently failing to put a coupling pin in place to prevent the pole from slipping while plaintiff was required to hold the end thereof on the ground while others slid the trailer from the platform of the truck to the ground, so that as a result thereof the plaintiff was injured. The injuries being caused by the pole slipping through the coupling in such a way as to catch plaintiff's thumb between the coupling and the swivel on the end of the pole and crushing it. The verdict was for $350.

The cause was submitted to the jury under proper instructions not excepted to by defendant.

Defendant contends that the evidence is not sufficient to support the verdict in that there is no evidence reasonably tending to show that defendant was guilty of negligence. It is conceded that the coupling pin was not in place and that plaintiff was injured substantially in the manner charged in the petition. It is contended that under the evidence it was necessary to remove the coupling pin in order to shorten the entire length of the trailer and coupling pole in order to load same onto the truck, and, therefore, defendant could not have been guilty of negligence in attempting to unload the trailer without having the coupling pin in place.

It may be true that it was necessary to remove the pin in order to load the trailer onto the truck. But it does not necessarily follow that it was not negligence to fail to replace the pin in unloading the trailer. It is in evidence that it was necessary and that defendant through his vice principal had directed plaintiff to use the coupling pole and hold the end thereof firmly upon the ground in order to steady the trailer while it was being unloaded. If this was necessary, it is fair to assume that an ordinarily prudent person in so directing and using the coupling pole would have seen to it that the same was properly secured in place. Under the record it appears clear that there is sufficient evidence to take the case to the jury on the question of negligence of defendant. In such cases, though the evidence be in conflict, the finding of the jury will not be disturbed.

The only other complaint is of alleged improper conduct on the part of the trial court in asking certain questions of the witnesses and in making certain remarks in the presence and hearing of the jury. The record of acts complained of is as follows:

"By Mr. Hodge (of counsel for defendant): Q. Now, how long before your thumb was caught between this cuff and the collar did you notice this trailer slipping down on the tongue? A. I never noticed it slipping. Q. Then it was bound to have been right down at the collar when it started to slip? A. It could not have been. By the Court: It didn't take it very long to come down did it? A. One-fiftieth of a second, maybe. By the Court: Down a slick rod or pipe? You did not have time to stand there and watch it?

By Mr. Hodge (of counsel for defendant):
We except to the remarks and questions by
the court. By the Court: I don't intend to
convey any idea as to this case, but you
could not stand there and watch it slip
down? A. No, sir. By Mr. Hodge (of counsel for defendant): We except to the remarks of the court. By the Court: All
right."

The question and remarks were probably
uncalled for, but we cannot see wherein
defendant was prejudiced. When the witness testified that he did not see the things
about which he was questioned, defendant's
counsel should not have propounded the
argumentative question which followed; by
his own improper question he apparently
brought out the questions and remarks by
the court. While we do not approve of
the remarks made by the court, we cannot
say, as a matter of law, that the defendant
was prejudiced thereby. The whole matter
was of such little importance that we are
unable to see how the jury could have been
influenced thereby. The error, if any, was
harmless.

The judgment should be and is hereby affirmed.

CULLISON, V. C. J., and SWINDALL,
ANDREWS, OSBORN, BAYLESS, and
WELCH, JJ., concur. McNEILL and BUSBY, JJ., absent.