## PHILLIPS PETROLEUM CO. et al. v. JOHNSON.

No. 25729. Oct. 12, 1937.

R. H. Hudson, Rayburn L. Foster, and Brown Moore, for plaintiffs in error.

Wilcox & Swank, for defendant in error.

GIBSON, J. George E. Johnson, a minor, defendant in error, while walking across a paved highway, received personal injuries by being struck by an automobile driven by Fred Bauchens, an employee of Phillips Petroleum Company. For such injuries he filed suit for damages, by his father and next friend, in the district court of Payne county, and from a judgment in his favor Phillips Petroleum Company and Bauchens prosecute this appeal.

Plaintiffs in error first complain that the court erred in overruling their demurrer to the evidence and in refusing to instruct the jury to return a verdict for them at the conclusion of all the evidence. Among plaintiff's several allegations of negligence was included the allegation that at the time plaintiff was injured the car which struck him was being driven at a speed of more than 45 miles an hour, the maximum speed permitted under the law as it existed at that time (section 10323, O. S. 1931). Counsel for plaintiffs in error in their brief admit that there was some evidence that said car was being driven more than 45 miles an hour at the time plaintiff was struck, but they say that the witnesses testifying to this fact were not in position to know how fast the car was going. They admit, however, that this is a matter going to the credibility of the testimony rather than to its competency, but assert that the evidence is insufficient to show that the negligence of the driver of the car was the proximate cause of plaintiff's injury, and that the injury was due to the plaintiff's own negligence in stepping out on the road in front of the oncoming car.

These matters, under the decisions, were questions for the jury, and cannot be decided as matters of law. White v. Rukes, 56 Okla. 476, 155 P. 1184; Ward v. Livingston, 159 Okla. 264, 15 P. (2d) 137.

The most serious complaint lies in the error committed by the trial court in the court's own examination of a witness for the defendants. We are always reluctant to reverse a cause because of remarks which may be made by the trial judge in the course of a trial, but when the conduct of the court is such as to result in serious error, we know of no cure except to remand for a new trial. As was said by the Supreme Court of Iowa in the case of Bierkamp v. Beuthien (Iowa) 155 N. W. 819:

"None know better than does this court the high character of the trial judge and his unimpeachable purpose to give all litigants a fair hearing and to do equal and exact justice to all without respect to rank or station. But judges are human, and the weariness and vexations attendant upon a laborious term of court sometimes leads to departures from that guarded poise and self-control which is wont to mark its conduct of trials, and under such circumstances it is fatally easy to do irreparable injury to the cause of a litigant without realizing it, and very certainly without intending it. * * * As a proposition of fact or morals, the judge may have been entirely justified in disbelieving the defendant as a witness, and have been fully convinced of the justice of plaintiff's claim, but it was the right of the defendant to have the verdict of the jury thereon uninfluenced by any intimation, direct or indirect, from the court. The quick sensitiveness of the jurors to catch the lightest suggestion of the court's opinion upon any question submitted for their decision is well known, and it requires unflagging caution by every court to 'keep the balance right adjusted.' When this is neglected or forgotten, a new trial is the only effective cure for the error."

The conduct and language of the court complained of occurred during the redirect examination of defendant's witness Simpson. The plaintiff produced himself and another witness who claimed to be at the scene of the accident when it occurred. Plaintiff asserted that a car which came to a stop in the ditch at the side of the road preceded defendant Bauchens' car, whereas Simpson testified that the car was his and he was driving behind defendants' car. Plaintiff in effect claimed that this other car was what caused him not to see defendants' car, whereas it was behind defendants' car, his view was unobstructed and he should have seen defendants' car by the exercise of any diligence.

Furthermore, plaintiff claimed that defendants' car swung out of line without warning in order to pass a car ahead and in that way struck plaintiff, whereas defendant Bauchens claimed he stayed in line and plaintiff stepped in front of him. Simpson testified that the cars stayed in line, that he was in a position to see and that if Bauchens had turned out of line, he could and probably would have seen it, but did not see any such occurrence. He also testified as to the speed of his car, which was going along together with the other cars, placing his speed within a 40-mile maximum. Although on some points his testimony was

hazy, its weight should have been left to the jury without any intimation from the court as to the judge's opinion.

It will be seen that the testimony of the witness Simpson had a bearing, not only on the question of whether the defendant was guilty of negligence, but also as to whether the plaintiff was guilty of contributory negligence. The jury, on this question, therefore, had to decide which of the witnesses were to be believed, the plaintiff and his witness on the one side, or the defendant Bauchens and defendants' witness Simpson on the other.

The negligence or lack of negligence of defendants (or of plaintiff) was an ultimate issue to be determined.

"Before solution of that question was possible, the jury had to determine which set of witnesses to believe. The relative credibility of the various witnesses was therefore the heart of the lawsuit, the thing upon which everything depended. In this state the credibility of the witnesses and the weight of their testimony is for the jury's exclusive determination. * * *

"Though we are sure the judge had good intentions, and was not moved by partiality or unfairness, that fact does not lessen the injury done defendants." Durell v. Public Service Co. of Oklahoma, 174 Okla. 549, 51 P. (2d) 517.

We believe the court invaded the province of the jury by the following conduct and remarks addressed to the witness Simpson:

"Q. By the Court: Are you sure all of you were down there, you and Bauchens and the other two men? By Mr. Foster: I except to the question of the court. Q. By the Court: Do you know that? A. I know Mr. Bauchens was there, and the other two men I don't place them in my mind. Q. By the Court: Are you sure you were there? A. Yes, sir. By Mr. Moore: Object to the improper cross-examination of the court, and the manner in which he is asking the questions. By Mr. Foster: Yes, we except. By the Court: Well, I want to get him to answer something if he knows anything. By Mr. Moore: We except to the remark of the court as improper."

It will be noted that these remarks cannot be termed inadvertent, for the court expressly stated that he was trying to get an answer, and the questions and remarks on their face bespeak an intent and not inadvertence. Nor can it be said that the remarks were of little importance as in Shoemaker v. Gilstrap, 162 Okla. 299, 18 P. (2d) 1051.

It is contended by counsel for defendant in error that the remarks of the court were made in a "spirit of humor", were "facetious". The language does not so import.

"It is said that the remark of the court * * * was merely playful. * * * There is nothing upon the face of the record to show that such was the meaning of the remark of the court." Perkins v. Knisely (Ill.) 68 N. E. 486.

But even if facetious, in a case of such conflicting testimony from witnesses whose numbers were so evenly balanced, the effect can have been, to say the least, to give the jury the idea that the court thought lightly of the defense. We think, however, that the inferences to be had from the colloquy are that the court did not believe the witness was there, doubted his testimony that he was there, or that the court thought the witness was not in a position or condition to know he was there or what was going on about him. By casting doubt on the testimony of the witness, the remarks of the court would have a further tendency to cause the jury to believe that the court was of the opinion the defendants had a false case, shown by producing a witness who would testify to things he knew nothing about.

In the case of Lorick v. Julius H. Walker & Co. (S. C.) 145 S. E. 33, the court asked a witness a similar question:

"Were you there when these bricks were laid? I am afraid you are telling a whole lot of hearsay about when some of them were laid."

The court endeavored to explain just what he meant and to deny any idea of casting reflections on the witness' testimony, but the appellate court held that the remarks of the judge did not correct the error, but had the effect of "necessarily leaving the jury with an exceedingly unfavorable impression of his testimony generally."

In Alabama the following remark of the trial judge was held error:

"I don't think he knows what he did tell on direct examination." Daggett v. Boomer (Ala.) 99 So. 181.

Other courts have held as follows:

"If the integrity of trial by jury is to be preserved, as it must be, the credibility of witnesses should be left entirely to the jury; and insinuations, comments, or suggestions by the court indicative of belief or unbelief in their testimony cannot be tolerated." City of Minneapolis v. Canterbury (Minn.) 142 N. W. 812, 48 L. R. A. (N. S.) 842.

"We do not question the right or the duty

of the circuit judge to question witnesses, and to see that the facts are properly brought before the jury, but in so doing it is his duty to so frame his questions as not to indicate his own opinion, and not to lay undue stress upon particular features of a witness' testimony tending to impeach him." City of Flint v. Stockdale's Estate (Mich.) 122 N. W. 279.

The court should not give the jury any intimation of the view of the court on the merits of the defense. Darling v. Haff (Mich.) 141 N. W. 575.

No method has been devised for determining when a jury is influenced by erroneous proceedings. As stated in the foregoing opinions, however, since jurors are believed to be highly sensitive to the opinion of the court, error which is reasonably calculated to influence their opinion cannot be held to be harmless.

The court did not remove the harm done here by the instruction to the jurors that they were the judges of the credibility of the witnesses. Few jurors will believe a witness whose reliability the court, in their presence, has seriously questioned.

The case falls within the rule announced in City of Newkirk v. Dimmers, 17 Okla. 525, 87 P. 603, and in Durell v. Public Service Co. of Oklahoma, supra.

"Under the law and the rules of practice in this territory the jury is the exclusive judge of the weight to be given the testimony of any witness, and a remark or the demeanor of a trial judge which amounts to an expression of opinion touching the truthfulness of the testimony of a material witness, is reversible error." City of Newkirk v. Dimmers, supra.

Error is also assigned to the giving of certain instructions and the refusal to give other instructions. These errors can be easily corrected at a new trial. The plaintiff, a minor at the time, will be an adult when this case is retried. He cannot recover for loss of time occurring while a minor or impairment of earning capacity while a minor, and the jury should be instructed accordingly. See Shawnee Gas & Electric Co. v. Hunt, 32 Okla. 368, 122 P. 673.

Likewise, the court can give proper instructions on the issue of sudden emergency. The plaintiff asserted that the car of defendants was practically upon him before he saw it; the defendant Bauchens testified that the plaintiff suddenly stepped in front of his car, thus creating an emergency situation for him to meet. The duty of the defendants and plaintiff and their respective rights under those conditions should be presented in appropriate instructions.

It is not necessary to consider the error founded upon argument to the jury. The court, no doubt, at a new trial will keep the argument within proper bounds.

For the foregoing reasons, the cause is reversed and remanded for a new trial.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, HURST, and DAVISON, JJ., concur. RILEY and PHELPS, JJ., dissent.