## MARTIN KELLER

### v.

### HANS CHRISTIAN HANSEN.

WITNESSES, CREDIBILITY OF—INSTRUCTION.—Where the court instructed the jury as follows, "The testimony of one credible witness is entitled to more weight than the testimony of many others, if, as to those other witnesses, the jury have reason to believe and do believe, from the evidence and all the facts before them, that such other witnesses have knowingly and willfully testified falsely and untruthfully, and are not corroborated by other credible witnesses or by circumstances proved in the case," and the circumstances of the case were that plaintiff testified in his own behalf in direct conflict with the testimony of defendant and many witnesses in his behalf. *Held*, that the instruction is erroneous; there is no such rule of law as that embraced in the instruction. It is also erroneous in omitting the hypothesis is that the " many witnesses " had so falsely testified as to some *material fact or point* in the case.

ERROR to the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed April 24, 1884.

Messrs. Rubens, McGaffey & Ames, for plaintiff in error; as to instructions to jury to disregard testimony, cited Evans v. George, 80 Ill. 51; Smith v. C. & W. I. R. R. Co., 105 Ill. 522.

Mr. Adolph Lund, for defendant in error; as to credibility of witness, cited The Santisima Trinidad, 7 Wheaton, 338; Wallace v. The State, 28 Ark. 534; State v. Elkins, 63 Mo. 159; City of Chicago v. Smith, 48 Ill. 108; Huber v. Zueber, 3 MacArthur, 484; Reynolds v. Greenbaum, 80 Ill. 416.

McAllister, P. J.  This was an action of trespass for an assault and battery, brought by Hansen against Keller.  The pleas were not guilty and *son assault demesne*, replication, *de injuria*.  On the trial the plaintiff was a witness in his own behalf.  Upon the issue as to which party committed the first assault, the plaintiff testified positively that it was the defendant.  On the other hand, the defendant, being a witness for himself, testified, not only that he did not commit the first assault, but that the plaintiff did, by striking him on the hand and head before he offered any violence to the plaintiff; and he also gave a detailed account of the circumstances attending the disturbance.  The defendant was corroborated by the testimony of two witnesses, who were not participators in, but spectators of the whole affair, and in part, circumstantially, by two other witnesses.  The facts as to which the testimony was conflicting were material.  The court gave, for plaintiff, this instruction:  "The court instructs the jury, that the testimony of one credible witness is entitled to more weight than the testimony of many others, if, as to those other witnesses, the jury have reason to believe and do believe from the evidence and all the facts before them, that such other witnesses have knowingly and willfully testified falsely and untruthfully, and are not corroborated by other credible witnesses, or by circumstances proved in the case."

The trial resulted in a verdict and judgment for plaintiff, for five thousand dollars, and the defendant brings the case here on error.

It was said in argument, by plaintiff's counsel, that the

above instruction embraces merely abstract propositions of law, and if they prove incorrect, the judgment should not, for that reason, be reversed, because the giving the instruction could not have been prejudicial to the defendant below. There is the form of abstractedness, so far as respects the first two paragraphs of the instruction, but it then becomes concrete, so that the whole is linked to the case, and as, we think, with a strong likelihood of misleading the jury to the prejudice of the defendant below, because it assumes that somebody was a witness in the case who was invested with all the characteristics of a credible witness, irrespective of what he may have testified to, his appearance as to honesty and ability, the consistency of his testimony with facts and circumstances testified to by other witnesses, or its conformity with experience. It assumes that the testimony of that one credible witness stands opposed by the testimony of many other witnesses. The circumstances of the trial show that the plaintiff below occupied just that position; that his testimony was in direct conflict with that of many other witnesses as to material points in the case that those many other witnesses were the defendant and the witnesses on his behalf. Now what could be more natural, under the circumstances, than for the jury to suppose that the court intended, by this instruction, to designate the plaintiff and characterize him as the one credible witness, and to designate the defendant and the witnesses on his behalf as the many others? The court below, therefore, instructed the jury as to the weight of evidence. There is no such rule of law as that embraced in the instruction.

However the proposition might be as matter of fact, there being no such rule of law, the instruction should not have been given. Chittenden v. Evans, 41 Ill. 251; Otmer v. The People, 76 Ill. 149.

The tests by which the direct testimony of witnesses should be weighed by the jury, are given by one of the most philosophical of writers upon the law of evidence, as follows: " The credit due the testimony of witnesses depends upon, first, their honesty; secondly, their ability; thirdly, *their numbers, and the consistency of their testimony;* fourthly,

the conformity of their testimony with experience; and fifthly, the coincidence of their testimony with collateral circumstances." 1 Starkie, 544. By the instruction in question these tests are all ignored, substantially, if not literally. It is also bad, because it omits the hypothesis that the many witnesses "had so falsely testified as to some *material fact or point* in the case." Swan v. The People, 98 Ill. 610, and cases there cited.

Superadded to all these objections, we can find in the record no basis in fact for submitting to the jury at all the question whether the defendant and his witnesses had knowingly and willfully testified falsely and untruthfully. All the testimony in opposition is merely that of the plaintiff, partially corroborated by one other witness. By the process of such an instruction, as novel as it is subtle, a plaintiff, with nothing more to back him than the ordinarily good character of which the law presumes every person possessed until the contrary is shown, could nullify the testimony of a score of witnesses testifying in direct opposition to him, though each was possessed of a like good character.

Other points have been urged, but which, as presented by the record, we do not deem well taken; but, for the error in giving the above instruction, the judgment will be reversed and cause remanded.

Judgment reversed.