JAMES O'HALLORAN ET AL.

V.

KATE C. KINGSTON.

1. CONSTRUCTION OF STATUTE.—While penal statutes are to receive a strict construction, yet, when the provision is clear, free from doubt and within the scope of the legislative power, it is the duty of the court to administer it according to its fair and reasonable intent.

O'Halloran v. Kingston.

2. DRAM SHOP ACT.—In a suit under the Dram Shop Act it will not avail the defendant to show that other persons sold liquors to the intoxicated person.

3. WITNESS.—Where a witness knowingly testifies untruthfully upon a *material* point, the jury may discard all his evidence, except so far as corroborated.

4. INSTRUCTIONS.—Although one of the instructions was not technically accurate, yet, as other instructions upon the same point stated the law very fully and fairly, and as the same verdict would undoubtedly have been rendered had the instruction been properly modified or wholly refused, the judgment is affirmed.

APPEAL from the Circuit Court of Jersey county; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed August 20, 1885.

Mr. A. A. GOODRICH and Mr. T. F. FERNS, for appellants; as to construction of statute, cited Freese v. Tripp, 70 Ill. 496; Meidel v. Anthis, 76 Ill. 241; Fentz v. Meadows, 72 Ill. 540; Tetzner v. Naughton, 12 Bradwell, 148.

Messrs. HAMILTON & SLATEN, for appellee.

WALL, P. J. The appellee brought suit against the appellants to recover damages under the 9th section of chapter 43 entitled "Dram Shops," for injury to appellee's means of support by reason of the intoxication of her husband, caused, as alleged, by liquors sold to him by the appellants. There was a trial by jury and verdict for plaintiff for five hundred dollars. The circuit court overruled a motion for new trial, and judgment was rendered upon the verdict. Various errors are assigned. It is urged that the evidence does not support the finding of the jury. We have carefully examined the testimony and are of opinion that it amply sustains the conclusion that during the period in controversy, about five years, the husband was an habitual drunkard; that at the beginning of this period he was possessed of property worth eight or ten thousand dollars, and had a fair practice as a physician, supporting his family in a comfortable and respectable manner; that during this period he wasted his property, lost his practice, and that

the plaintiff was in consequence seriously injured in her means of support; and we think it is also clearly shown that each one of the defendants contributed in an appreciable degree to this habitual intoxication, and that they must have done so knowingly. The verdict is very moderate in amount when all the circumstances are considered, and it does not appear that the jury were governed by passion, prejudice or other improper motives. The statute under which the action is brought is quite penal in its character, but as to the point in question it is quite clear. It declares that "every * * * wife * * * who shall be injured in person, or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in * * * her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication in whole or in part, of such person or persons."

The Supreme Court in King v. Haley, 86 Ill. 106, said of this provision, "Construction can hardly make it plainer than it is."

While penal statutes are to receive a strict construction, yet when the provision is clear, free from doubt, and within the scope of the legislative power, it is the duty of the courts to administer it according to its fair and reasonable intent, and it is not admissible to fritter away, by mere construction, a plain legislative enactment. It is urged that as to some of the appellants the proof is not sufficient; that it does not show that their sales contributed in any substantial or material degree to the habitual intoxication of the plaintiff's husband. As already stated, we think this position not well taken. It is shown that he visited all the places in question and obtained more or less liquor at each. How much he obtained at each and to what extent the act of each defendant contributed to the habitual intoxication it is impossible to state with certainty. The court instructed the jury that before the defendants could be held liable it must appear that the liquors furnished by them were the efficient and proximate cause, either wholly or in part, of the intoxication complained of.

This instruction was repeated in several different forms, and the jury must have understood the proposition therein contained. We are unable to disagree with their finding in this respect. It was no doubt to meet just such cases the statute was devised when it laid its penalty upon " the person or persons who may have caused the intoxication in whole or in part." And while those who contribute in a small degree may be thus made to suffer as much as those who are more culpable, yet it is a condition which is applied to the traffic in liquors which the legislature had the power to impose, and which the courts can not ignore.

It must be remembered also that the risk thus involved was known to and therefore voluntarily assumed by appellants when they engaged in the business, so that, in a legal sense, it can not be said that they are surprised by the enforcement of the law. With the policy of the law we have nothing to do. That is a question for the legislature. It is urged that the court erred in refusing to admit evidence of the habits of the person in question previous to the period in question. It will not avail the defendants to show that other persons sold liquor to the intoxicated person. Emory v. Addis, 71 Ill. 273; Hackett v. Smelsley, 77 Ill. 109. There might be cases where habitual intoxication is alleged in which proof of the previous habits of the party might throw light upon the question as to whether the act of defendant had contributed in a legal sense to the result, but we are unable to see how such evidence could be important in this case. The habitual intoxication was so well established and running through so long a period that there can be no doubt in that regard, and we think there was no substantial error in excluding the proposed evidence. It is also urged that the court erred in allowing proof of personal violence suffered by the plaintiff at the hands of her husband while intoxicated. Such evidence was admitted but was afterward excluded from the jury upon motion of defendants; and it is said that although it was so excluded the effect produced by it upon the jury was not thereby removed, and hence the action of the court in admitting it is error, for which the judgment should be reversed. There was

O'Halloran v. Kingston.

an allegation in the declaration under which this proof might have been made and we are not advised why it was not properly admitted; but if it was not the error was cured by excluding it from the jury. As before stated the verdict is moderate in amount, and it is apparent the jury were not influenced by the evidence even if the court improperly admitted it in the first instance. There is nothing in this to justify a reversal. The circuit court instructed the jury very fully upon the essential elements necessary to justify a recovery, and while appellants make a general objection in this respect yet we find no ground for complaint, and are of the opinion that the instructions, as a series, fairly state the law as to this branch of the case.

It is urged with considerable force and confidence that the 13th instruction given for the plaintiff, as to the effect and weight of conflicting testimony, is erroneous. That instruction informed the jury that the testimony of one credible witness is entitled to more weight than that of many others, if, as to those others, the jury believe from the evidence that they have knowingly testified untruthfully, and are not corroborated by other credible evidence. Where a witness knowingly testifies untruthfully upon a material point, the jury may discard all his evidence, except so far as corroborated; and if this instruction had been intended to advise the jury as to the proper test for discarding the evidence of an untruthful witness, it should have contained the qualification that the false testimony must be upon a material point before the witness can be considered as impeached, and his whole evidence disregarded except so far as it may be corroborated by other credible evidence. Peak v. The People, etc., 76 Ill. 289; Hartford Life & A. Ins. Co. v. Gray, 80 Ill. 28; Wan v. The People, etc., 98 Ill. 610; Gibson v. Troutman, 9 Bradwell, 94; Prickett v. Madison Co., 14 Bradwell, 467. In the present case the only matters to which the jury could have understood this instruction to refer were upon material points; and while the instruction is not technically perfect in this respect we think the omission worked no such mischief as to justify a reversal for this cause. We regard the instruction, however, as in-

tended for the purpose of advising the jury as to the relative weight to be attached to testimony of conflicting witnesses, where one is credible and the others appear to have knowingly sworn untruthfully; and the vice of it is in laying down, as a matter of law, that the former is worth more than the latter. Such as a matter of fact may or may not be true; much would depend upon the capacity, intelligence, means of knowledge and interest of the several witnesses as well as the nature of their testimony.

There were other instructions, however, which very fully and fairly laid down the rule upon this point for the guidance of the jury in weighing the evidence; and while this instruction is subject to the just criticism that by it the court invaded the province of the jury, yet when all the instructions are considered in connection with the testimony, we are not prepared to say the judgment should be reversed for this reason. Looking at the whole case as presented by the record, we have no doubt the same verdict would have been rendered had the instruction been properly modified or wholly refused.

Where such a view is properly taken, it would be unjust to set aside the judgment. Other objections have been urged, but we deem them not of sufficient importance to call for a statement. After a careful consideration of the record we find no substantial error, and the judgment of the circuit court is therefore affirmed.

Affirmed.