## IDA B. TUCKER

*v.*

## LEWIS S. COLE *et al.*

*Opinion filed November 8, 1897.*

1. NEW TRIAL—*when motion for new trial must be made in chancery cases.* Where an issue of fact arises in a chancery case which the statute requires shall be submitted to a jury, the verdict of the jury is necessary to the decree, and must stand unless challenged by motion for new trial.

2. CERTIFICATES OF EVIDENCE—*motion for new trial must be saved in certificate of evidence.* The question of the sufficiency of the evidence to sustain a decree cannot be considered on appeal, where the issues of fact were submitted to a jury, and no motion for a new trial and exception to its overruling are preserved in the certificate of evidence.

APPEAL from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

M. L. THACKABERRY, and S. O. CAVETTE, for appellant.

BOWEN W. SCHUMACHER, for appellees.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

This is a bill filed by appellees to set aside the will of Mary L. Cole, their mother, to which their sister, the appellant, and others, were made defendants. The bill charges the testator with being mentally unsound to such an extent as to incapacitate her from making a will, and also charges the will was induced and procured to be made by the undue influence of the appellant. The trial was had before a jury, who found from oral evidence that the paper purporting to be the last will and testament of Mary L. Cole was not her last will and testament, and specially found that the same was procured by the undue influence of Ida B. Tucker. Whilst numerous errors are assigned on the record, yet in the argument counsel for

appellant raise no question save that the evidence was not sufficient to authorize this verdict.

We are at the threshold of the case confronted with an insurmountable difficulty, growing out of the fact that no motion for a new trial is incorporated in the bill of exceptions, with an exception to the overruling of the same. In the absence from the bill of exceptions of such motion and exception, this court cannot inquire into the sufficiency of the evidence to support a judgment or decree in this class of cases. (*Illinois Central Railroad Co.* v. *O'Keefe,* 154 Ill. 508; *Firemen's Ins. Co.* v. *Peck,* 126 id. 493, and authorities cited.) This has long been the settled rule of practice in actions at law. Where the statute requires a jury to pass on issues of fact in chancery cases, as in this class of cases, the same principle applies. When any question of fact arises in a chancery case which the statute requires to be submitted to a jury, the verdict of the jury is necessary to a decree, and must stand unless challenged in some method known to the law. It must be challenged by a motion for a new trial, and that must be incorporated in the certificate of evidence, as it is no part of the record. *Fanning* v. *Russell,* 94 Ill. 386.

A statutory requirement for the submission of a question of fact to a jury in a chancery proceeding is an innovation, which requires that the same principles of practice be applied as at law, and a motion for new trial at law, being no part of the record except when made so by the bill of exceptions, can in such statutory proceeding become a part of the record only by being incorporated in the certificate of evidence. It is true the rule is, in chancery proceedings where the record is in proper condition, as above stated, this court may consider questions of fact and the weight of the evidence tending to establish such facts.

We had carefully considered this case before entering upon the foregoing discussion. No question of law is presented by appellant in her argument, but a question

of fact, only.　Our conclusion upon the question of fact involved, irrespective of the defective condition of the record, is, that the verdict of the jury was based upon a preponderance of the evidence.　For this and other reasons discussed the decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*