## Charles Ford, Appellee, v. Coal Belt Railway Company, Appellant.

1. MASTER AND SERVANT—*what essential to establish relation of fellow-servants.* Employment by a common master is essential to the existence of the relation of fellow-servants.

2. INSTRUCTIONS—*when upon right of recovery proper.* An instruction is proper which in effect tells the jury that if they find that the plaintiff has proved his case, as stated in his declaration by a preponderance of the evidence, then he is entitled to recover.

3. INSTRUCTIONS—*when upon ordinary care proper.* An instruction is proper which in effect tells the jury that the care and caution which the law requires that a person should exercise for his own safety on the occasion of an injury is that of ordinary care under all the circumstances shown by the evidence.

4. INSTRUCTIONS—*when upon credibility of witnesses erroneous.* An instruction upon the subject of the credibility of witnesses as follows is erroneous in the employment of the several words and phrases italicized:

"That the testimony of one credible witness may be entitled to more weight than the testimony of many others, if as to those other witnesses you have reason to believe and do believe from the evidence and all the facts before you that such other witnesses have knowingly and *willingly* testified falsely upon any material question in issue in this case, and are not corroborated by other *credible witnesses* or by circumstances proved in the case."

Action in case for personal injuries. Appeal from the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the February term, 1908. Reversed and remanded. Opinion filed September 12, 1908.

W. H. WARDER and FORMAN & WHITNEL, for appellant.

DENISON & SPILLER, HARTWELL & WHITE and RUFUS NEELY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Williamson county, by appellee against appellant, to recover for a personal injury alleged to have been

caused by the negligence of appellant. Trial by jury. Verdict and judgment in favor of appellee for $8,500.

The declaration upon which the case was tried consisted of three counts, differing somewhat in detail and form of statement. The substance of the counts, we think, may be stated as follows: That on the 2nd day of December, 1906, and for a long time prior thereto, the Coal Belt Electric Railway Company was possessed of and operating a line of electric railroad extending from Marion to Carterville and Herrin; that on said date and for a long time prior thereto, appellant, the Coal Belt Railway Company, had been operating its steam engines and trains over certain of the tracks of the Coal Belt Electric Railway Company in the transportation of coal and other freight, with the knowledge and consent of the Coal Belt Electric Railway Company; that it was the prevailing practice of the two companies in the joint use of the tracks of the Coal Belt Electric Railway Company, over which appellant operated its steam engines and trains, that the electric car or steam engine first reaching a siding where they were expected to pass each other, would go upon the siding and close the switch so that the other would have a clear track upon which to pass; that on said date appellee was a motorman in the service of the Coal Belt Electric Railway Company driving one of its cars, with a large number of passengers aboard, over its tracks near a certain siding known as "Dounnihoo Switch" where he was to pass one of appellant's engines and train; that appellant's engine having reached the siding first, went upon it for the purpose of allowing the car which appellee was driving to pass, and in doing so negligently and carelessly failed to keep the switch closed so as to give appellee a clear track; that by reason of such negligence on the part of appellant the car of the Coal Belt Electric Railway Company, which appellee was driving, ran against appellant's engine with such force as to greatly injure appellee in his head and shoulder,

and so breaking and crushing his leg as to render amputation of it necessary; and that appellee was in the exercise of ordinary care and caution for his own safety.

The Coal Belt Electric Railway Company in whose service appellee claims to have been engaged at the time of his injury, and appellant, the Coal Belt Railway Company, were separate and distinct corporations. The former was incorporated in the year 1901, and was authorized to "build, equip, maintain and operate a system of street railways through the streets of the municipalities of Marion, Carterville, Herrin, Spillertown and Johnston City, and connecting said municipalities with each other and with the adjacent settlements, mines, factories, and other industrial enterprises." * * * The latter was incorporated in the year 1903, and was authorized "to construct a railway from the Ohio river through the counties of Pope, Hardin, Saline and Williamson."

The Coal Belt Electric Railway Company owned the track and right of way through and between the municipalities of Marion, Carterville and Herrin, and operated electric cars thereon. Under some arrangement or understanding between the two companies, the Coal Belt Railway Company was permitted to use certain portions of the track of the Coal Belt Electric Railway Company, outside of the limits of the municipalities named, for the purpose of hauling coal and other freight thereon with steam engines and cars. The two companies had the same president and same general manager.

The collision in which appellee was injured occurred at a siding called Dounnihoo Switch. Appellant had run one of its engines off of the main track of the Coal Belt Electric Railway Company onto the switch, for the purpose of allowing the approaching electric car driven by appellee to pass. As the electric car approached the siding, when somewhat less than a half

mile away, appellee observed appellant's steam engine and blew his whistle four times to attract the attention of the parties in charge of the engine, and to ascertain whether or not the main line was clear. He received a signal called a "high ball" from one of the switchmen of the engine crew, indicating that everything was all right and that the main track was clear. Appellee answered the "high ball" with two whistles to inform the engine crew that he had seen their signal and was coming ahead. The car was being driven at a rate of speed of about twenty miles per hour and the switch target was properly set to allow the electric car to pass on the main track, and was plainly visible from the time appellee first saw the engine. As the car approached the switch, when within forty to sixty feet of the switch target, one of the engine crew switchmen suddenly and without any kind of notice or warning threw the switch the wrong way so as to make the electric car take the siding instead of remaining on the main track. Appellee saw the switch thrown, exclaimed "the switch is thrown wrong," "threw off the power and applied the air as quick as he could," and did all he could under the circumstances to stop the car, but it crashed into the engine, wrecking the car, knocking appellee senseless, injuring his right shoulder and other parts of his body, and so breaking and crushing his left leg as to render amputation necessary.

It is conceded that the act of the engine crew switchman in throwing the switch the wrong way was negligence; but counsel for appellant insist that appellee was also guilty of negligence which contributed to his injury. This question was properly and fairly submitted to the jury, and we think the state of the evidence is such as to make their finding conclusive as to that issue.

Counsel for appellant contended in the trial court, and insist here, that appellee was not in the service of the Coal Belt Electric Railway as stated in his declara-

tion, but that appellant was operating both railways as one entire system, and that instead of being the servant of the Coal Belt Electric Railway Company, he was in fact the servant of appellant.

Upon this question we find that the evidence strongly preponderates in favor of appellee. It appears to us from the whole evidence that there is no substantial foundation for such claim.

Appellant asks this court to reverse the judgment of the trial court on the theory and claim, that appellee and appellant's switchman who threw the switch, were fellow-servants. We think the fellow-servant rule is not properly involved in any phase of this case. The declaration charged that appellee was in the service of a certain third party, and that while in the discharge of his duties in the service of his master, with due care and caution for his own safety, appellant through its servants was guilty of negligence which injured him. Not being servants of the same master, the relation of fellow-servant could not exist between them. It is true that appellant asked and obtained from the court a line of instructions stating the law with respect to fellow-servants. If we assume that these instructions were based upon the evidence given by appellant for the purpose of trying to prove that appellee was in its service, as a means of contradicting or tending to disprove the allegation in appellee's declaration that he was in the service of the Coal Belt Electric Railway Company, and if we assume that they could be properly so based without an amendment of the declaration, then appellant is foreclosed upon that issue by the verdict of the jury. The issue could not have been so raised in this case, as to warrant the court, under the evidence, in holding that appellee and appellant's switchman were on that occasion "fellow-servants, as matter of law."

Certain rulings of the trial court with respect to giving and refusing of instructions are challenged and

urged as grounds for reversal. The court gave at the instance of appellee three instructions designated 1, 2 and 3. These instructions were based upon the three counts of the declaration, respectively, and in each of them is summed up all the material requisites to a recovery under the count upon which it is based, not one essential element being omitted. These instructions, in effect, simply told the jury that if they found that appellee had proved his case as stated in his declaration by a preponderance of the evidence, then he was entitled to recover. An instruction of this character, based upon a state of pleading and evidence such as is disclosed in this record, is not error. In C. & A. R. R. Co. v. Harrington, 192 Ill. 9 (24), the court says: ''The instruction is based upon the particular hypothesis or theory contended for by the appellee, and summarizes the elements necessary to a recovery upon that theory without omitting any essential matter. The rule, that an instruction is erroneous which sums up all * * * the facts which the evidence tends to prove on one side, and omits the facts on the other side, does not apply to an instruction, which merely fails to embody evidence, tending to establish a distinct antagonistic theory. We have said: 'All the law requires is that an instruction, based upon some particular hypothesis warranted by the evidence, which undertakes to summarize the elements in the case essential to a recovery upon that theory, must not omit any essential matter.' '' The above holding and statement of the law, applicable to such instructions, is quoted and approved in the later case of I. C. R. R. Co. v. Byrne, 205 Ill. 9 (20-21), and again in Dunn v. Crichfield, 214 Ill. 292 (299-300).

The fourth instruction is asserted by counsel to be erroneous. No improper statement in it as to the law is pointed out. The contention is that it is misleading. It does not so appear to us. As we understand the instruction, it told the jury neither more nor less, in substance and effect, than that the care and caution which

the law requires that appellee should have exercised for his own safety on the occasion of his injury, was that of ordinary care under all the circumstances shown by the evidence. We think the jury could not in any state of case have been misled as to the law by the language used in that instruction, especially in the light of three instructions given on behalf of appellant bearing directly upon that question and emphasizing every feature of it favorable to appellant.

It is contended that the seventh instruction given on behalf of appellee is erroneous, and counsel say it has been condemned in Keller v. Hansen, 14 Ill. App. 640; Johnson v. Farrell, 215 Ill. 542, and in Tri-City Ry. Co. v. Gould, 217 Ill. 317. The instruction is as follows:

"7. That the testimony of one credible witness may be entitled to more weight than the testimony of many others, if as to those other witnesses you have reason to believe and do believe from the evidence and all the facts before you that such other witnesses have knowingly and willingly testified falsely upon any material question in issue in this case, and are not corroborated by other credible witnesses or by circumstances proved in the case."

Counsel for appellee say that the word "willingly" is a clerical error made in copying, that the word was "wilfully." They further say that the instruction in this case contains all the matter necessary to meet the requirements of the cases relied upon by counsel for appellant—that this instruction contains the requisite matter not appearing in the condemned instructions. This is true only in part. The instruction in this case contains the words "credible witnesses," instead of credible evidence. This is material and fatal to the instruction. It is one of the grounds upon which the instruction in Johnson v. Farrell, *supra,* was directly condemned. The court said: "The instruction is also faulty in limiting the corroboration to 'other credible witnesses,' instead of other credible

evidence. There may have been credible evidence, corroborating the witness, other than the oral testimony of another witness. In other words, the proper test was whether there was a corroboration by credible evidence whether documentary or otherwise and not necessarily by a credible witness (or witnesses) merely.''

Counsel for appellant asked the court to give to the jury an instruction as follows:

''11. You are instructed that the plaintiff must recover, if at all, on the allegations in his declaration, that there is no allegation in the declaration that plaintiff received injuries by jumping off the car, and in case you find from the evidence that the injuries received by Charles Ford were caused by his own act in jumping from the car, when, in the exercise of reasonable care for his own safety, he could by the means provided have stopped the car, before it collided with the engine, then your verdict should be for the defendant.''

Counsel for appellee insist that this instruction was properly refused for want of any evidence upon which to base it. It is true that no witness testified that appellee did jump off the car, still, it cannot be said that there are no facts or circumstances in evidence tending to prove that fact. This instruction should have been given.

For the errors above noted the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*