GEORGE W. BOWERS *et al.* Plaintiffs in Error, *vs.* WILLIAM D. EVANS *et al.* Defendants in Error.

*Opinion filed October 27, 1915.*

1. APPEALS AND ERRORS—*when certificate of evidence is sufficient to present error as to instructions.* Upon a writ of error to review a decree sustaining a will where the assignment of errors and argument in support thereof relate only to the giving and modifying of instructions, it is sufficient for the certificate of evidence to state in a general way what facts were proved, that each party introduced evidence tending to prove the issues in his favor, and that the evidence upon the issues of undue influence and unsoundness of mind was conflicting.

2. WILLS—*when it is not error to give instruction stating the ultimate question as to mental capacity.* It is not error to give an instruction giving the capacity of the testator to understand the particular business in which he was engaged as the test of testamentary capacity, particularly where other instructions state the various elements embraced in such ultimate test, including his ability to know what property he possesses and who are the natural objects of his bounty and to understand the nature and consequences of his act in making the will.

3. SAME—*it is not improper for instruction to tell jury what kind of influence is regarded as undue.* Where undue influence is charged in a bill to set·aside the probate of a will, it is not improper to state to the jury in an instruction what kind and degree of influence exercised over a testator is regarded in law as undue and sufficient to destroy his free agency.

4. SAME—*what statement in instruction does not increase complainant's burden of proof.* An instruction in a will contest case stating that upon making the statutory proof the validity of the paper as a will would be *prima facie* "established," does not throw upon the complainants a greater burden than that of proving their claims by a preponderance of the evidence, particularly where the instruction recognizes the right of the complainants to prove either want of mental capacity or undue influence.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

E. E. BONE, and ROBERT H. PATTON, for plaintiffs in error.

CLARENCE A. JONES, and THOMAS D. MASTERS, (HARDIN W. MASTERS, of counsel,) for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiffs in error, heirs-at-law of John B. Evans, deceased, filed their bill in the circuit court of Sangamon county to set aside the probate of his will, alleging that at the time of its execution he was ninety-one years of age and not of sound mind and memory, and was prevailed upon to execute the will by the undue influence of William D. Evans, to whom the entire estate was given by the will. Upon a trial by jury a general verdict sustaining the will was returned, together with answers to special interrogatories that the testator, at the time of the execution and attestation of the will, was of sound mind and memory and was not unduly influenced by the defendant William D. Evans. A decree was entered dismissing the bill, and a writ of error was sued out of this court to review the decree.

The certificate of evidence recites that the defendants gave in evidence the will, the certificate of the oaths of the witnesses at the time of the probate, and proved that the will was executed in strict compliance with all legal formalities in the manner required by the statutes, and gave in evidence testimony tending to prove the issues in their favor; that the complainants gave in evidence on their behalf testimony tending to prove the issues in their favor, and that the evidence was conflicting upon the issue of the soundness of mind of the testator and also on the issue of undue influence. The assignment of errors, and argument in support of the same, relate only to the giving and modifying of instructions, and the method adopted to bring the assignment of errors before the court was a proper one. *Illinois Central Railroad Co.* v. *O'Keefe,* 154 Ill. 508; *Costly* v. *McGowan,* 174 id. 76.

The instructions given to the jury were both numerous and lengthy, covering thirty-seven printed pages of the abstract, stating, in varying forms, practically every rule of law relating to testamentary capacity and undue influence and applying the same to the case on trial. The court, by the instructions, first stated to the jury the nature of the suit, the issues formed and questions to be determined, and then advised the jury that the intention of the court was simply to instruct as to the law and not in the least degree to give to the jury any opinion as to what the evidence tended to prove or disprove or as to the weight or sufficiency of the testimony or the credibility of the witnesses, and that the instructions were given as one connected body and series and were to be so regarded by the jury. The instructions as to the law followed and were unusually full and complete, and as a series stated settled rules of law for determining questions of testamentary capacity and undue influence. Many of those given at the instance of the defendants are criticised, but we do not think it necessary or profitable to take up each one of the number and analyze them at length and most of them will be treated in a general way.

The most important objections, and those most insisted upon, relate to the sixth instruction given at the instance of the defendants. It stated as a test of testamentary capacity the question whether the testator, at the time of executing the paper offered as a will, had sufficient mind and memory to know and understand the particular business in which he was engaged in making and executing the same. The test so stated is objected to as insufficient because it omitted the particular essentials to testamentary capacity: that the testator had capacity to know his property, capacity to know who were the natural objects of his bounty, and capacity to understand the nature, consequences and effect of the act in which he was engaged in making his

will. In determining the capacity of a person to do an act or transact a particular business, the ultimate question is whether he had sufficient mental capacity to know and understand the particular business in question, (*Sears* v. *Vaughan,* 230 Ill. 572,) and the instruction correctly stated the final question to be determined by the jury. In *England* v. *Fawbush,* 204 Ill. 384, the court said, on page 399: "The doctrine of this court is, that the testator has testamentary capacity if at the time of making the instrument purporting to be his will he has such mind and memory as enables him to understand the particular business in which he is then engaged." In *Johnson* v. *Farrell,* 215 Ill. 542, it was said that the real question to be submitted to the jury was whether the testator, at the time of making his will, had sufficient mind and memory to enable him to understand the particular business in which he was then engaged. The business in which a testator is engaged at the time of making his will is the disposition of his property by that instrument, (*Wetzel* v. *Firebaugh,* 251 Ill. 190,) and that was the particular business in which the testator in this case was engaged when he made his will. In determining whether a testator, at the time of making his will, has such mind and memory as to understand the business in which he is engaged there are various elements to be taken into account, such as capacity to know his property, who are the natural objects of his bounty and the nature and consequences of his act, and if either of these elements is lacking he does not have sufficient mental capacity to execute a will. (*Dowie* v. *Sutton,* 227 Ill. 183.) It is proper to tell the jury that capacity to know these things is necessary to enable the testator to understand the business in which he is engaged when he attempts to dispose of his property by will, but they are all included in the general statement. The jury in this case could not have regarded those things as excluded because the court

told them by the twelfth instruction, also given for the defendants, that in deciding the question whether the testator had an understanding of the act he was then performing in making his will the jury were to determine whether he had a recollection of the property he had and meant to dispose of, and could recall to his mind who were the natural objects of his bounty and affection and the manner in which he meant to distribute his property in reference to them. By the thirteenth instruction given at the request of the defendants the standard set up for the testator was, sufficient mental capacity to attend to the ordinary business affairs of life and that when he executed the will he understood the nature and character of the business in which he was then engaged. By the ninth instruction given at the request of the complainants the elements of old age, disease and mental impairment were included, and it required that the testator should be capable of knowing and determining the natural objects of his bounty and the character and quantity of his property and to understand the nature and effect of the disposition he was making of his property, and the jury were advised that if either of these elements was lacking he would be of unsound mind and memory and not have sufficient mental capacity to execute a will. The court did not err in stating to the jury the ultimate question concerning testamentary capacity to be determined, and by other instructions the jury were given various tests included in the general rule.

Instruction No. 6 is also objected to because it said that upon making the statutory proof the validity of the paper as a will would be *prima facie* established, as the word "establish" threw upon the complainants a greater burden than that of proving their claims by a preponderance of the evidence. The statement only gave *prima facie* effect to the statutory proof, and following that statement it recognized the right of the complainants to prove either the want of

mental capacity or undue influence. The instruction is not subject to the objection.

Instruction No. 7 is objected to as being argumentative, assuming that the influence of William D. Evans was secured through affection, advice and mere persuasion and singling out certain facts as not sufficient to prove undue influence. It was not argumentative and did not assume any fact but correctly stated the law as to the nature of influence which is regarded as undue, and it omitted no important fact which there was evidence tending to prove. It was not improper to state to the jury what kind and degree of influence exercised over a testator is regarded in the law as undue and sufficient to destroy his free agency.

It is said that instruction No. 12 has three vital faults. This is the instruction already referred to, stating that the testator must have had mental capacity to understand the nature of the act he was performing, a recollection of his property, and been able to recall the natural objects of his bounty and the manner of distribution among them. The first objection is that the court assumed that the testator was aware that he was making a will; the second objection is that the instruction ignored the question of undue influence; and the third objection is that the instruction omitted the essential elements of being able to recall his property and the natural objects of his bounty. For the purpose of this argument the instruction is divided into three paragraphs, but read as a whole it is not subject to criticism.

There is no other instruction which requires attention and none which did not state rules of law frequently declared by this court.

Complaint is made that the court modified the third instruction offered by the complainants. As offered, the instruction stated that where a person receives the larger share of the property of a testator by his will, and where

such person is one in whom the maker reposes confidence and trust at the time of the execution of the will, and where such beneficiary causes the will to be prepared and is present at the time of the execution, such facts are circumstances tending to show the exercise of undue influence. The instruction then recited alleged facts conforming to that statement, and concluded that such facts, if proved, were proper to be considered, in connection with all the other evidence, in determining the question of undue influence. The court modified the instruction by making the first rule the same as the last,—that the facts mentioned, if proved, were circumstances to be considered by the jury on the charge of undue influence. The modification did not change the purport of the instruction.

The decree is affirmed.

*Decree affirmed.*